UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SIMON TUSHA,

    Plaintiff,

v.                                                     Case No.:  2:23-cv-42-SPC-KCD

E2COMPANY, JAMES RICHMOND, JEANNE RICHMOND, IEPRENEUR, LLC, ALEXIS KHAZZAM, AVANTI INSIEME, LLC, LK CAPITAL, MATTHEW LEITER, MICHAEL MAERTENS, E2COMPANIES, LLC, E2 ESA BOND I, LLC, E2 ESA BOND II, LLC, MICK LAW, BRADFORD A. UPDIKE, DAVID SHANE SMITH, PATRICK D. HOUSTON, ROSS C. ALLEN, ROBERT R. KAPLAN, KAPLAN VOEKLER CUNNINGHAM & FRANK PLC, WHITEFORD, TAYLOR & PRESTON, L.L.P., ARETE WEALTH MANAGEMENT and KARLTON KLEIS,

    Defendants.

_____/

**OPINION AND ORDER**[1]

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

Before the Court is pro se Plaintiff Simon Tusha's "Action in Equity" ([Doc. 1](#)), and Motion for Preliminary Injunction and Restraining Order ([Doc. 2](#)). Because Tusha's complaint is a quintessential shotgun pleading, the Court dismisses it without prejudice and denies Tusha's motion as moot.

## BACKGROUND

Tusha's complaint presents convoluted state and federal law claims against a whopping twenty-two defendants. ([Doc. 1](#)). While hard to follow, the Court has discerned that Tusha alleges the following: Tusha is an expert in the technology field and was hired by Defendants James Richmond, Jeanne Richmond, Alexis Khazzam, and e2Comply/e2Companies to work on a product named R3Di. As compensation for his work, these Defendants, and possibly others,[2] promised to buy Tusha a $1.9 million house in Florida and more. It seems at least some Defendants did buy Tusha that house, but they now have a foreclosure action against Tusha in state court.

In working with Defendants, Tusha says he discovered a Ponzi scheme to defraud private investors and bond holders. Tusha also accuses Defendants of stealing his intellectual property and other assets. Tusha brings six counts against Defendants: (1) fraudulent inducement, theft by deception, and

---

[2] A fundamental flaw in Tusha's complaint is that it's not always clear which Defendants Tusha is accusing of taking what actions. For the purposes of this Background, the Court will refer to "Defendants" to mean at least some Defendants and possibly all.

2

unlawful taking of property; (2) fraudulent conversion of intellectual property, theft of patent rights related to R3Di double conversion technology, unjust enrichment; (3) civil RICO conspiracy; (4) aiding and abetting conspiracy to extort money and property from Tusha and to deceive investors and bond holders; (5) unjust enrichment; and (6) common law fraud.

## DISCUSSION

Tusha's complaint is a quintessential shotgun pleading. Complaints that violate either Fed. R. Civ. P. 8(a)(2) or Fed. R. Civ. P. 10(b) are referred to as shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Such shotgun pleadings "fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Courts in the Eleventh Circuit have little tolerance for shotgun pleadings. *See generally Jackson v. Bank of Am.*, 898 F.3d 1348, 1357 (11th Cir. 2018) (detailing the "unacceptable consequences of shotgun pleading"); *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings . . . exact an intolerable toll on the trial court's docket").

A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a complaint on shotgun pleading grounds sua sponte. *Weiland*, 792 F.3d at 1320. While the Court must liberally construe pro se filings, "it is not the Court's duty to search through a plaintiff's filings to find or construct a

pleading that satisfies Rule 8." *Navarro v. City of Riviera Beach,* 192 F. Supp. 3d 1353, 1360 (S.D. Fla. 2016) (quoting *Sanders v. United States,* No. 1:08-CV-0190-JTC, 2009 WL 1241636, at *3 (N.D. Ga. Jan. 23, 2009)); *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). When a pro se plaintiff files a shotgun pleading, the court "should strike the [pleading] and instruct [plaintiff] to replead the case." *Byrne v. Nezhat,* 261 F.3d 1075, 1133 n.113 (11th Cir. 2001) (quoting *Cramer,* 117 F.3d at 1263).

Tusha's complaint falls into several shotgun pleading categories. First, it embodies the "most common type" of shotgun pleading where "each [complaint] count adopts the allegations of all proceeding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland,* 792 F.3d at 1321. Tusha's complaint does just this. (Doc. 1 at 29, 30, 35, 39, 40).

Second, Tusha's complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland,* 792 F.3d at 1321-23. For example, Tusha makes the conclusory allegation that Defendant Whiteford, Taylor & Preston, LLP is a law firm "used in connection with the Richmond's lawful and unlawful activities, thus make up [sic] a significant part of the RICO enterprise as defined in the act." (Doc. 1 at 24(a)). How the law firm is used in such activities is unclear. Tusha also states Defendants Kaplan, Allen, Houston, and Smith are all attorneys

4

associated with the law firm "who engage in both lawful and unlawful business as set forth herein and are an essential piece of the overall scheme because they provide cover for the entire group of Defendants that has allowed the scheme to continue for years absent detection." (Doc. 1 at 24(a)). But, again, what these Defendants have done is missing and not provided "herein."

Finally, Tusha's complaint is a shotgun pleading because it commits the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321-23. Tusha attempts to avoid this sin by including headings with each count specifying the Defendants attacked in that count. But it's still not clear which defendants are responsible for which acts or omissions. For example, Tusha's unjust enrichment count is directed at "all named Defendants." (Doc. 1 at IX). In that count, Tusha states he provided his "knowledge, intellectual property, designs, conceptual ideas, and staff to the Defendants…that resulted in the Defendants gaining a $500 million dollar valuation on the R3Di patent." (Doc. 1 at 39). This does not say what action(s) each one of the named defendants took and it's not clear from reading the rest of the complaint, particularly when it comes to the law firm and lawyers named as defendants. So Defendants are then left guessing as to each Defendants' alleged misconduct for this cause of action. See *Veltmann v. Walpole Pharmacy, Inc.*, 928 F. Supp.

1161, 1164 (M.D. Fla. 1996) (dismissal appropriate when plaintiff's complaint made general allegations against all of the named defendants, making it "virtually impossible to ascertain . . . which defendant committed which alleged act").

Because Tusha is pro se, the Court will give him leave to amend his complaint. "In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies.'" *Jackson v. Bank of Am.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). But he must comply with the Court's rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (pro se litigants must still comply with procedural rules applicable to ordinary civil litigation).

Accordingly, it is now

**ORDERED:**

1. Plaintiff Tusha's Complaint (Doc. 1) is **DISMISSED without prejudice**.

    a. Plaintiff may file an amended complaint on or before February 6, 2023. **Failure to file an amended complaint will result in the Court closing this case without further order/notice**.

2. The Court **DENIES** Tusha's Motion for Preliminary Injunction and Restraining Order ([Doc. 2](Doc. 2)), as moot.

**DONE** and **ORDERED** in Fort Myers, Florida on January 23, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record