UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

SIMON TUSHA and
TIDE, LLC,

    Plaintiffs,

v.                                                                          Case No. 2:23-cv-00042-SPC-KCD

JAMES RICHMOND, et al,

    Defendants.
_____/

**OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss (Doc. 67), along with Plaintiffs' Response (Doc. 68). As it must, the Court treats the factual allegations in the Second Amended Complaint (Doc. 64) as true and construes them in the light most favorable to Plaintiffs. *See Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008). But for the below reasons, the Court grants the motion.

Plaintiffs sue under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. 1962(d), and bring various pendent state-law claims. (Doc. 64). Plaintiffs allege that "during the past fourteen years" Defendants have been part of "a widespread criminal *enterprise* engaged in a *pattern of racketeering activity* across State lines, affecting interstate

1

commerce involving a conspiracy to engage in *racketeering activity* in violation of federal and state law, engaging in numerous predicate act RICO violations," including "mail fraud 18 U.S.C. §1341, wire fraud 18 U.S.C. §1343, and money laundering 18 U.S.C. §1957." *Id.* (emphasis original). Plaintiffs claim that the goal of this enterprise is to persuade others to invest in an illusory business. Along the way, Defendants apparently laundered money, induced Plaintiffs to move to Florida by purchasing a home (which they intended to take back all along), and stole Plaintiffs' intellectual property. In response to these allegations, Defendants move to dismiss. (Doc. 67).

To survive a Rule 12(b)(6) motion, a plaintiff must plead enough facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff must provide more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). A formulaic recitation of the elements of a cause of action will not be enough. *Id.* "Factual allegations must be enough to raise a right above the speculative level[.]" *Id.* When considering a motion to dismiss, courts must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 678.

2

RICO makes it illegal "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity[.]" 18 U.S.C. § 1962(c). Racketeering activity includes mail fraud, wire fraud, and money laundering. *See* 18 U.S.C. § 1961. RICO also makes it illegal to conspire to participate in such racketeering activity. § 1962(d). A plaintiff establishes a RICO conspiracy claim "(1) by showing that the defendant agreed to the overall objective of the conspiracy; or (2) by showing that the defendant agreed to commit two predicate acts." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293 (11th Cir. 2010) (citation omitted). The Court may infer the existence of a conspiracy from the defendant's conduct. *Id*.

Additionally, when the underlying racketeering activity involves fraud, the plaintiff must satisfy Rule 9(b)'s heightened pleading requirements. In this context, Rule 9(b) requires Plaintiffs to allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements mislead the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Am. Dental*, 605 F.3d at 1291 (citations omitted).

Plaintiffs' complaint is insufficient for several reasons. First, despite the Court's previous warnings, the complaint remains a shotgun pleading. Nearly

3

a year ago, the Court first dismissed Plaintiffs' complaint without prejudice on shotgun grounds. (Doc. 5). The Court also noted examples of conclusory allegations in Plaintiffs' RICO claims. (*Id.* at 4-5). In response, Plaintiffs filed a similarly deficient amended complaint. (Doc. 9). So when Defendants moved to dismiss, the Court ordered Plaintiffs to file a second-amended complaint. (Doc. 53). During the motion hearing, the Court again outlined the defects in Plaintiffs' complaint. The Court specifically discussed Plaintiffs' RICO claim. The Court warned Plaintiffs that the second-amended complaint would be their last shot.

Unfortunately, Plaintiffs did not heed the Court's instructions. Plaintiffs bring two RICO conspiracy claims, counts IV and V, against all Defendants. Plaintiffs do not separate the claims against each Defendant. Nor do they incorporate the specific allegations relevant to each Defendant. Instead, Defendants broadly refers to the purported racketeering activity described throughout the complaint. Plaintiffs' allegations against "all Defendants. . . as detailed in this Complaint" are insufficient. (Doc. 64 ¶¶ 90, 93).

Plaintiff argues that such allegations are permissible "when every Defendant was involved in every act." But this argument fails. Such a contention is implausible here, where over a dozen Defendants with various roles apparently engaged in racketeering activities for over fourteen years. Moreover, Plaintiffs' own allegations contradict this claim. Much of Plaintiffs'

4

complaint is directed at all Defendants. But some portions do focus on individual Defendants. (*See* Doc. 64 ¶¶ 36-41). And other portions involve "some or all of the Defendants." (*See* Doc. 64 ¶ 40). Plaintiffs' allegations provide the Court with enough information to determine that all Defendants were not involved in all acts. But Plaintiffs do not provide Defendants with enough information for them to determine which acts are attributed to each of them. For that reason, Plaintiffs complaint remains a shotgun pleading.

Second, the second-amended complaint fails to state a RICO conspiracy claim. Among other elements, Plaintiffs must plausibly allege that each Defendant agreed to the goal of the conspiracy or agreed to commit two predicate acts. Plaintiffs provide only conclusory allegations on this point. (*See, e.g.*, Doc. 64 ¶ 90 ("Each Defendant conspired with all other Defendants . . . by agreeing to conduct and participate in the conduct[.]"); ¶ 35 ("Each acted with knowledge of the other Defendants unlawful and improper conduct and in complicity with such conduct.")). Plaintiffs do not provide a single nonconclusory allegation about Defendants' agreement. Nor do Plaintiffs' allegations provide a basis from which the Court could infer an agreement. Indeed, Plaintiffs admit that Defendants' acts may "appear[] to be isolated events," and they ultimately offer no facts to contradict this appearance. (Doc. 64 ¶ 3).

Third, Rule 9's heightened pleading standards only make Plaintiffs' allegations worse. Throughout Plaintiffs' complaint, they fail to plead fraud with the required specificity. For example, some of the alleged fraud is broadly alleged to have occurred "during 2020" and "during 2022." (Doc. 64 ¶¶ 28-30). Other allegations of fraud do not specify who received the allegedly fraudulent communications. (Doc. 64 ¶ 30). And Plaintiffs do not, and likely cannot, explain how some of the allegedly fraudulent communications misled Plaintiffs, rather than other nonparties. For example, Plaintiffs allege that Tusha "was fraudulently hidden from investors[.]" (Doc. 64 ¶ 34). But surely Plaintiff Tusha was not misled by this conduct. Other allegations of fraud are conclusory and seemingly come out of left field. (*See, e.g.*, Doc. 64 ¶¶ 38-41 (referencing money laundering and fraudulent transfers without developing any underlying facts)). These examples illustrate a pattern of insufficient fraud allegations permeating the second-amended complaint.

In short, Plaintiffs' allegations are conclusory and sweeping. They fail to allege an agreement between the Defendants. And Rule 9's heightened pleading standards make matters worse. Because the Court has twice warned Plaintiffs about these pleading deficiencies, it dismisses the RICO claims with prejudice. With the RICO claims dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiffs' pendent state-law claims.

Accordingly, it is

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 67) is **GRANTED** and this action is **DISMISSED** for the reasons stated in this Order.

2. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE and ORDERED** in Fort Myers, Florida on December 15, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:   All parties of record